IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIMBERLY LEWIS, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JOEL INBODY,

    Plaintiff,

v.                                                    No. 25-cv-321 KRS/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

### DEFENDANT UNITED STATES OF AMERICA'S
### ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant United States of America ("United States") answers Plaintiff's Original Complaint ("Complaint") as follows:

1.     The United States lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff is a resident of the State of New York, and on that basis denies the same. The United States admits that the United States of America is a defendant in this action. The United States denies the remaining allegations in paragraph 1 of the Complaint.

2.     The United States admits that five United States Border Patrol (USBP) agents were acting within the scope of their official duties on April 2, 2023, when they were interacting with Joel Inbody ("Decedent") and that Plaintiff seeks to bring this action pursuant to the Federal Tort Claims Act and for alleged violations of Plaintiff's and Decedent's civil rights. The United States denies the remaining allegations in paragraph 2 of the Complaint.

3. The United States lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff is the administrator of the Estate of Joel Inbody or whether she is the wrongful death beneficiary of Decedent's wrongful death estate, and on that basis denies the same. The United States affirmatively states that only the personal representative appointed under the Wrongful Death Act may bring this action. *In re Est. of Sumler*, 2003-NMCA-030, ¶ 8 ("Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code.").

4. In response to the allegations in paragraph 4 of the Complaint, the United States denies that this Court has subject matter jurisdiction over all Plaintiff's claims. The United States admits that venue is proper in this Court.

5. In response to the allegations in paragraph 5 of the Complaint, the United States admits that on April 2, 2023, Decedent evaded the USBP checkpoint on Interstate 20 near Las Cruces, New Mexico.

6. The United States admits the allegations in paragraph 6 of the Complaint.

7. In response to the allegations in paragraph 7 of the Complaint, the United States admits that USBP agents followed Decedent in marked USBP vehicles; however, the United States denies that "Border Patrol officers (Does 1-5)" followed Decedent.

8. In response to the allegations in paragraph 8 of the Complaint, the United States admits that Decedent drove on a ranch road until reaching a closed gate. The United States lacks knowledge or information at this time about the precise path Decedent took prior to reaching the closed gate, and on that basis denies the allegation.

9. The United States admits that Decedent failed to respond to USBP agents' commands and drove away from USBP agents. The United States denies the remaining allegations in paragraph 9 of the Complaint.

10. The United States admits that USBP agents followed Decedent on foot. The United States denies the remaining allegations in paragraph 10 of the Complaint.

11. The United States lacks knowledge or information sufficient to form a belief about the truth of whether Decedent suffered from mental illness, and on that basis denies the same. The United States denies the remaining allegations in paragraph 11 of the Complaint.

12. The United States denies the allegations in paragraph 12 of the Complaint.

13. The United States denies the allegations in paragraph 13 of the Complaint.

14. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies them.

15. The United States admits that it did not provide documents requested by counsel on July 11, 2024, as the Agency was still in the process of investigating the incident. The United States denies the remaining allegations in paragraph 15 of the Complaint and affirmatively states the administrative claims for property damage and wrongful death were denied by letter sent certified mail and received by counsel on June 16, 2025.

## FIRST CLAIM FOR RELIEF

16. In response to paragraph 16 of the Complaint, the United States responses to the General Allegations are incorporated here.

17. The United States denies the allegations contained in paragraph 17 of the Complaint.

18. The United States denies the allegations contained in paragraph 18 of the Complaint.

19. The United States denies the allegations contained in paragraph 19 of the Complaint.

20. The United States admits it received notice of an administrative wrongful death claim submitted by Attorney Doug Perrin on behalf of Plaintiff on May 23, 2024.

21. The United States admits it received notice of Plaintiff's amended administrative claim on July 30, 2024.

## SECOND CLAIM FOR RELIEF

22. In response to paragraph 22 of the Complaint, the United States responses to the allegations in paragraphs 1-21 of the Complaint are incorporated here.

23. The United States denies the allegations contained in paragraph 23 of the Complaint.

24. The United States denies the allegations contained in paragraph 24 of the Complaint.

## DAMAGES

25. In response to the allegations in paragraph 25 of the Complaint, the United States denies that it or the actions of USBP agents were negligent, wrongful, or in violation of Plaintiff's or Decedent's civil rights. The United States admits that Plaintiff is seeking recovery for wrongful death damages under New Mexico law but denies that Plaintiff is entitled to such compensation.

26. The United States denies that Plaintiff is entitled to the relief requested in her prayer for relief.

27. The United States denies all allegations in the Complaint that were not specifically admitted here.

## ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Any injuries and damages allegedly sustained by Plaintiff, were due, in whole or part, to Plaintiff's own negligent acts or omissions, or those of others, known or unknown, over whom the United States had no control.

3. If the United States was negligent, which it expressly denies, under the FTCA, the comparative negligence or fault of Plaintiff and/or others should be used to offset, in whole or in part, any recovery by Plaintiff against the United States, and the United States may only be held responsible for its proportionate share of the fault, if any.

4. Plaintiff failed to mitigate damages.

5. The United States has, or may have, additional affirmative defenses which are not known to it at this time, but which may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as they are ascertained through discovery. The United States reserves the right to raise additional defenses that become apparent through the factual development of the case.

WHEREFORE, the United States requests that the Court dismiss Plaintiff's Complaint with prejudice, award the United States its costs, deny Plaintiff's request for an award for general and special damages, and grant such further relief to the United States as it deems just and proper.

Respectfully Submitted,

**RYAN ELLISON**
Acting United States Attorney

*/s/ Ruth F. Keegan 11/20/2025*
RUTH F. KEEGAN
Assistant United States Attorney
201 3rd Street NW, Ste. 900
Albuquerque, NM 87102
(505) 346-7274; Fax: (505) 346-7205
ruth.f.keegan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2025, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served, as more fully reflected on the Notice of Electronic Filing.

*/s/ Ruth F. Keegan 11/20/2025*
RUTH F. KEEGAN
Assistant United States Attorney