IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KIMBERLY LEWIS, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JOEL INBODY,**

    **Plaintiff,**

No. 2:25-cv-00321-MIS-GBW

vs.

**UNITED STATES OF AMERICA,**

    **Defendant.**

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, by and through her undersigned attorney, for her causes of action against the Defendants, would show the Court the following:

### GENERAL ALLEGATIONS

1. Plaintiff is a resident of the State of New York. Defendant is the United States of America, based on the torts committed by Border Patrol agents Dakota Reynolds, Samuel Valaer, Michael Mora, Thomas Biggar, and Gerardo Arroyo.

2. This case is brought pursuant to the Federal Tort Claims Act, 28 U.S. Code § 2671 *et.seq*. It arises from the unjustified shooting of Joel Inbody on April 2, 2023, by each of the five Border Patrol agents named above, acting within the scope of their official duties.

3. Plaintiff is the duly appointed administrator of the Estate of Joel Inbody. A true and correct copy of the documents reflecting her appointment in County of Erie, New York, are attached hereto as Exhibit "A". If necessary, Plaintiff seeks appointment as personal representative of the Estate of Joel Inbody for the purpose of pursuing this wrongful death case in New Mexico. Plaintiff is the wrongful death beneficiary of Mr. Inbody.

4. The Court has jurisdiction pursuant to 28 U.S.C § 1331. Venue is proper in this District pursuant to 28 U.S.C § 1391 (b).

**PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 1 of 4**

5. On April 2, 2023, Joel Inbody, who was driving a 2015 Nissan Rogue, did not pull into the Border Patrol checkpoint located approximately 20 miles west of Las Cruces, NM on Interstate 10.

6. Rather, Mr. Inbody circumvented the checkpoint and continued on his way in a westerly direction.

7. Border Patrol officers followed him in marked Border Patrol vehicles in a low-speed chase.

8. Mr. Inbody pulled off at exit 116 and proceeded on County Road 001 and turned onto a ranch road. He continued up that road until he encountered a closed gate for the Borris Ranch and stopped.

9. Mr. Inbody failed to respond to the Border Patrol agents who were yelling at him to roll down his windows and permit them access to his vehicle. The officers attempted to break the windows, without success. Mr. Inbody then drove back down the same road he had just driven up, where he encountered spikes which had been placed by the Doña Ana County Sheriff's Department, at the request of the Border Patrol Agents. Mr. Inbody then turned back in a northeastwardly direction on CR 001, but his tires were deflated, and was forced to stop his vehicle, Mr. Inbody got out of the vehicle and started walking down the dirt road.

10. The Defendant officers, all armed, followed Mr. Inbody. No officer looked into his vehicle or searched his vehicle at any time prior to killing Mr. Inbody, to determine if he was transporting illegal aliens or any contraband. He was not. He presented no threat to the officers.

11. Mr. Inbody suffered from mental illness and was certainly overwhelmed and confused by the encounter with these officers, demonstrating obvious signs of a mental health episode. The officers were shouting at him and one, Officer Mora, on information and belief, attempted to apprehend him while they were walking down the road.

12. Mr. Inbody was carrying a so-called tire knocker (a small, wooden object) in his hand and took a clumsy swing with it at Officer Mora to try to keep the officer away. He did not hit the officer, but Officer Mora apparently stumbled and fell.

13. The remaining officers immediately opened fire on Mr. Inbody and killed him, firing 18 shots. Nine of them struck Mr. Inbody.

14. The body of Joel Inbody lay on the desert floor for approximately 7 hours before a representative of the New Mexico Medical Examiner's Office could make it to the site.

15. Customs & Border Protection has failed to provide documents requested by undersigned counsel on July 11, 2024, and never provided a determination of the claims presented prior to suit being filed.

16. Notice of this claim was provided to the appropriate parties on May 15, 2024.

17. An amended claim was filed on July 5, 2024 to make claims for certain losses of personal property.

## TORT CLAIMS ACT

.

18. The allegations of the General Allegations are incorporated herein by this reference.

19. The Border Patrol officers each committed an assault and battery on Joel Inbody, causing apprehension and fear to Mr. Inbody and resulting in his death.

20. As a result of the wrongful acts of the officers, Mr. Inbody died and consciously suffered before his death. His injuries were due to the acts of government employees, the named Border Patrol officers who did not act in accordance with their training and proper procedures.

21. Deadly force was not appropriate, reasonable, nor necessary. Mr. Inbody presented no danger to the officers.

## DAMAGES

**PLAINTIFF'S FIRST AMENDED COMPLAINT** - Page 3 of 4

22. As a direct and proximate result of the wrongful acts of the Border Patrol officers as set forth above, Joel Inbody was killed, and Plaintiff was harmed thereby and brings this wrongful death action. Plaintiff seeks recovery of all wrongful death damages under New Mexico law, including without limitation loss of enjoyment of life and for loss of personal property as set forth in the amended claim, and for her loss of consortium with her son.

WHEREFORE, Plaintiff prays that she be appointed Personal Representative of the Estate of Joel Inbody, that she have and recover judgment for her damages against the Defendants and each of them, for costs of suit incurred herein; for reasonable attorney's fees; for post judgment interest as provided by law; and for such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

**THE PERRIN LAW FIRM**
432 Galisteo St.
Santa Fe, New Mexico 87501
Telephone: (505) 989-8800
Facsimile: (214) 646-6117
Email: dougperrin@perrinlaw.org

*Doug Perrin*
Doug Perrin

**ATTORNEY FOR PLAINTIFF**

## Surrogate's Court of the County of Erie

On the Date Written Below LETTERS OF TEMPORARY ADMINISTRATION were granted by the Surrogate's Court of Erie County, New York as follows:

File #: 2023-1644/A

Name of Decedent: Joel Bradley Inbody

Date of Death: April 3, 2023

Domicile of Decedent: Erie County

Fiduciary Appointed:
   Kimberly J Lewis 13014 Broadway Street Alden NY 14004

Letters Issued: LETTERS OF TEMPORARY ADMINISTRATION

Limitations: Pursuant to SCPA 702(1), no final compromise of any wrongful death or related action(s) or proceeding(s) shall be made, nor any attorney's fees taken relating to the wrongful death action, without prior application to the Surrogate for an order from the Surrogate removing these restrictions.

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: April 13, 2023

IN TESTIMONY WHEREOF, the seal of the Erie County Surrogate's Court has been affixed.

WITNESS, Hon Acea M. Mosey, Judge of the Erie County Surrogate's Court

*Linda M Wiedrick*

Linda M Wiedrick, Chief Clerk

These Letters are Not Valid Without the Raised Seal of the Erie County Surrogate's Court

Attorney: Michael J Schroeder 4513 South Buffalo Street Orchard Park NY 14127

NOTICE: Attention is called to the provision of Sec. 11-1.6 of Estates, Powers and Trusts law and Sec. 719 of the Surrogate's Court Procedure Act, which makes it a misdemeanor and a cause for removal for a fiduciary to deposit or invest estate funds in his individual account or name. All funds must be deposited in the name of fiduciary and to the credit of the estate. Sec 708 and Sec 711 of the Surrogate's Court Procedure Act provide that if the address of the fiduciary changes they shall promptly notify the court of the new address and that failure to do so within thirty (30) days after such change may result in the suspension or revocation of letters.

At a Surrogate's Court of the State of New York
Held in and for the County of Erie, at
Buffalo, New York on  April 13 , 2023

PRESENT:

**HON. ACEA M. MOSEY**, Surrogate Judge

---

In the Matter of the Estate of

**JOEL BRADLEY INBODY,**

Deceased.

**ORDER GRANTING
TEMPORARY LETTERS
OF ADMINISTRATION**

File # 2023-1644/A

---

A Petition having been filed by KIMBERLY J. LEWIS praying that administration of the goods, chattels, and credits of the above-named Decedent be granted to KIMBERLY J. LEWIS;

And it appearing from the papers filed that the issuance of Temporary Letters of Administration to KIMBERLY J. LEWIS would be in the best interest of the Estate;

And it appearing that KIMBERLY J. LEWIS is in all respects competent to act as Temporary Administrator of the Estate of said deceased;

And such representative otherwise having qualified therefore; now, after due deliberation, with no one appearing in opposition thereto, it is

**ORDERED AND DECREED** that Temporary Letters of Administration issue to **KIMBERLY J. LEWIS**; and it is further

**ORDERED AND DECREED**, that the authority of such representative be restricted in accordance with, and that Letters herein issued contain the limitation, if any, which appears immediately below:

Pursuant to SCPA 702(1), no final compromise of any wrongful death or related action(s) or proceeding(s) shall be made, nor any attorney's fees taken relating to the wrongful death action, without prior application to the Surrogate for an order from the Surrogate removing these restrictions.

Dated: April 13, 2023

*Acea M Mosey*
**HON. ACEA M. MOSEY**
Surrogate Judge