IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIMBERLY LEWIS, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JOEL INBODY,

      Plaintiff,

v.                                                       No. 25-cv-321 KRS/GBW

UNITED STATES OF AMERICA, *et al.*,

      Defendants.

### DEFENDANT UNITED STATES OF AMERICA'S
### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant United States of America ("United States") answers Plaintiff's First Amended Complaint ("Amended Complaint") as follows:

1. The United States lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff is a resident of the State of New York, and on that basis denies the same. The United States admits that the United States of America is a defendant in this action. The United States denies the remaining allegations in paragraph 1 of the Amended Complaint.

2. The United States admits that Plaintiff brings this case pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., that it arises from the shooting of Joel Inbody ("Decedent") on April 2, 2023, and that the Border Patrol agents involved in the incident were acting within the scope of their official duties. The United States denies that the shooting was unjustified, and the remaining allegations contained in paragraph 2 of the Amended Complaint

3. The United States lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff is the administrator of the Estate of Joel Inbody, whether the document attached as Exhibit A to the Amended Complaint is a true and correct copy of documents reflecting her appointment in County of Erie, New York, or whether Plaintiff is the wrongful death beneficiary of Decedent's wrongful death estate, and on that basis denies the same. The United States affirmatively states that only the personal representative appointed under the Wrongful Death Act may bring this action. *In re Est. of Sumler*, 2003-NMCA-030, ¶ 8 ("Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code.").

4. In response to the allegations in paragraph 4 of the Amended Complaint, the United States denies that this Court has subject matter jurisdiction over all Plaintiff's claims. The United States admits that venue is proper in this Court.

5. In response to the allegations in paragraph 5 of the Amended Complaint, the United States admits that on April 2, 2023, Decedent evaded the United States Border Patrol (USBP) checkpoint on Interstate 10 near Las Cruces, New Mexico.

6. The United States admits the allegations in paragraph 6 of the Amended Complaint.

7. In response to the allegations in paragraph 7 of the Amended Complaint, the United States admits that USBP agents followed Decedent in marked USBP vehicles. The United States denies Plaintiff's characterization of these actions as a "low-speed chase."

8. In response to the allegations in paragraph 8 of the Amended Complaint, the United States admits that Decedent drove on a ranch road until reaching a closed gate. The United States lacks knowledge or information at this time about the precise path Decedent took before reaching the closed gate, and on that basis denies the allegation.

9. The United States admits that Decedent failed to respond to USBP agents' commands and drove away from USBP agents. The United States denies the remaining allegations in paragraph 9 of the Amended Complaint.

10. The United States denies that any USBP officers are Defendants in this action. The United States admits that USBP agents followed Decedent on foot. The United States denies the remaining allegations in paragraph 10 of the Amended Complaint.

11. The United States lacks knowledge or information sufficient to form a belief about the truth of whether Decedent suffered from mental illness, and on that basis denies the same. The United States denies the remaining allegations in paragraph 11 of the Amended Complaint.

12. The United States denies the allegations in paragraph 12 of the Amended Complaint.

13. The United States denies the allegations in paragraph 13 of the Amended Complaint.

14. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint, and on that basis denies them.

15. The United States admits that it did not provide documents requested by counsel on July 11, 2024, as the Agency was still in the process of investigating the incident. The United States denies the remaining allegations in paragraph 15 of the Amended Complaint and affirmatively states that the administrative claims for property damage and wrongful death were denied by letter sent certified mail and received by counsel on June 16, 2025.

16. The United States admits that on May 23, 2024, the USBP received a Federal Tort Claim Act administrative claim, dated May 6, 2024, submitted by Plaintiff's' counsel on behalf of Plaintiff. The United States denies the remaining allegations in paragraph 16 of the Amended Complaint.

17. The United States admits that, on July 30, 2024, the USBP received an amended Federal Tort Claim Act administrative claim, dated July 5, 2024, submitted by Plaintiff's' counsel on behalf of Plaintiff. The United States denies the remaining allegations in paragraph 16 of the Amended Complaint.

**TORT CLAIMS ACT**

18. In response to paragraph 18 of the Amended Complaint, the United States responses to the General Allegations are incorporated here.

19. The United States denies the allegations contained in paragraph 19 of the Amended Complaint.

20. The United States denies the allegations contained in paragraph 20 of the Amended Complaint.

21. The United States denies the allegations contained in paragraph 21 of the Amended Complaint.

## DAMAGES

22. In response to the allegations in paragraph 22 of the Amended Complaint, the United States denies that it or the actions of USBP agents were negligent, wrongful, or in violation of Plaintiff's or Decedent's civil rights. The United States admits that Plaintiff is seeking recovery for wrongful death damages under New Mexico law but denies that Plaintiff is entitled to such compensation.

23. The United States denies that Plaintiff is entitled to the relief requested in her prayer for relief.

24. The United States denies all allegations in the Amended Complaint that were not specifically admitted here.

**ADDITIONAL DEFENSES**

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Any injuries and damages allegedly sustained by Plaintiff, were due, in whole or part, to Decedent's own negligent acts or omissions, or those of others, known or unknown, over whom the United States had no control.

3. If the United States was negligent, which it expressly denies, under the FTCA, the comparative negligence or fault of Decedent and/or others should be used to offset, in whole or in part, any recovery by Plaintiff against the United States, and the United States may only be held responsible for its proportionate share of the fault, if any.

4. Plaintiff failed to mitigate damages.

5. The United States has, or may have, additional affirmative defenses which are not known to it at this time, but which may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as they are ascertained through discovery. The United States reserves the right to raise additional defenses that become apparent through the factual development of the case.

WHEREFORE, the United States requests that the Court dismiss Plaintiff's Amended Complaint with prejudice, award the United States its costs, deny Plaintiff's request for an award for general and special damages, and grant such further relief to the United States as it deems just and proper.

Respectfully Submitted,

TODD BLANCHE
*DEPUTY ATTORNEY GENERAL*
RYAN ELLISON
*FIRST ASSISTANT UNITED STATES ATTORNEY*

*/s/ Ruth F. Keegan 1/15/2026*
RUTH F. KEEGAN
Assistant United States Attorney
201 3rd Street NW, Ste. 900
Albuquerque, NM 87102
(505) 346-7274; Fax: (505) 346-7205
ruth.f.keegan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2026, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties and counsel of record to be served, as more fully reflected on the Notice of Electronic Filing.

*/s/ Ruth F. Keegan 1/15/2026*
RUTH F. KEEGAN
Assistant United States Attorney